UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | | |
|---|---|---|
| JOHN ROLLINS, | ) | |
| | ) | |
| Petitioner, | ) | No. 7:11-CV-00117-KKC |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DAVID BERKEBILE, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

On July 20, 2011, Petitioner John Rollins, confined in the United States Penitentiary-Big Sandy ("USP-Big Sandy"), in Inez, Kentucky, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. [D. E. No. 2]. On August 19, 2011, he filed a motion to amend his § 2241 petition. [D. E. No. 5]. Rollins has now paid the $5.00 filing fee. [D. E. No. 9].

The Court screens the habeas petition to determine if Rollins is entitled to relief under § 2241. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)); *see also* 28 U.S.C. § 2243. A district court may summarily dismiss a § 2241 petition if it appears from its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). Rollins's habeas petition will be denied because as explained below, he is not entitled to relief under § 2241.

**ALLEGATIONS OF THE PETITION**

Rollins challenges several conditions of his confinement at USP-Big Sandy. He

alleged that between May 2011 and July 2011, USP-Big Sandy staff members repeatedly retaliated against him for filing a civil action in federal court in Indiana; prevented him from engaging in recreational activities; refused to notarize his power-of-attorney documents; impaired access to his attorney by placing him (Rollins) in the Special Housing Unit; and prevented him from calling his attorney to discuss his pending Indiana federal civil action, despite the fact that his Unit Manager had authorized him to call his attorney.

Rollins further alleged that USP-Big Sandy staff members have maliciously prevented him, and other inmates, from filing administrative remedies, although Rollins provided no details about this claim. He stated that he is attempting to administratively exhaust his various claims, but in the interim, he seeks an Order: (1) directing USP-Big Sandy officials to notarize his power-of-attorney documents; (2) directing USP-Big Sandy officials to produce copies of any disciplinary actions taken against Correctional Officer "Robinson;" (3) reprimanding USP-Big Sandy correctional officers who have allegedly denied him recreational opportunities and prevented him from calling his attorney; and (4) enjoining the USP-Big Sandy staff from harassing and retaliating against him and other inmates.

## DISCUSSION

A federal prisoner may file a § 2241 petition filed in the district where he is incarcerated if he is challenging the execution of his sentence, *i.e.*, the Bureau of Prisons' ("BOP") calculation of sentence credits or other issues affecting the length of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)); *see*

*also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). But Rollins is not challenging the execution of his federal sentence; he is instead complaining about specific conditions of his confinement at USP-Big Sandy and is seeking injunctive relief, *i.e.*, an Order reprimanding the various USP-Big Sandy officials and enjoining them from engaging in future acts of harassment and retaliation.

Rollins can not challenge the conditions of his BOP confinement by filing a petition seeking habeas relief under § 2241. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004). He must assert those claims in a civil rights action filed under 28 U.S.C. § 1331, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and pay the $350.00 filing fee. Rollins's § 2241 petition will be denied, as will his motion to amend his § 2241 petition to assert yet additional claims challenging the conditions of his confinement at USP-Big Sandy. Prior to filing any *Bivens* action asserting the condition of confinement claims raised in this action, Rollins must *fully* complete the BOP's three-step administrative remedy process set forth in 28 C.F.R. §§ 542.10-19.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner John Rollins's motion to amend his 28 U.S.C. § 2241 petition, [D. E. No. 5], is **DENIED**;

(2) Rollins's 28 U.S.C. § 2241 petition, [D. E. No. 2], is **DENIED**;

(3) This proceeding is **DISMISSED**; and

(4)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Warden David Berkebile.

This 3rd day of October, 2011.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge